**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| VILMARIE MEDINA FIGUEROA,<br><br>  *Plaintiff*<br><br>v.<br><br>EXCELLERE CONSULTING ASSOCIATES, INC.,<br><br>  *Defendant, Third Party Plaintiff*<br><br>v.<br><br>UNIVERSAL INSURANCE COMPANY,<br><br>  *Third Party Defendant.* | CIV. NO. 10-1353 (PG) |

**ORDER**

The plaintiff in the present action, Vilmarie Medina Figueroa ("Medina"), filed suit claiming that she was subjected to a hostile work environment and discriminated on account of a covered disability under the American with Disabilities Act ("ADA"). Additionally, the plaintiff claimed that she was the subject of retaliation as a result of having filed administrative charges with the Puerto Rico Department of Labor's Anti-Discrimination Unit ("ADU") and the Equal Employment Opportunity Commission ("EEOC"). Defendant Excellere Consulting Associates, Inc. ("Excellere") later filed claims against Universal Insurance Company ("Universal") as third party defendant and requested defense and coverage from Universal.

On July 11, 2011 the plaintiff reached a settlement with Excellere. As a result, the only claims and causes of action that remain pending in this case are those asserted by Excellere against third party defendant Universal. On November 8, 2011, Excellere filed a "Motion for Summary Judgment," Docket No. 44 that is now before this Court. In its request for summary disposition, Excellere adduces that the alleged retaliatory act that is at the heart of the Complaint occurred after the commencement of the employment practices coverage period of the Insurance Policy issued by Universal to Excellere. As such, Excellere states that Universal is bound to provide coverage and defense under the Policy.

Universal failed to timely oppose the Motion for Summary Judgment.

As such, the Court entered an Order striking Universal's belated opposition and deeming the Motion for Summary Judgment as unopposed. Upon review of Excellere's arguments, the Court agrees with Excellere's position and thus, the Motion for Summary Judgment is hereby **GRANTED**.

### I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment is governed by Rule 56(c) Fed. R. Civ. P., which allows disposition of a case if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Sands v. Ridefilm Corp., 212 F.3d 657, 660 (1st Cir.2000). A factual dispute is "genuine" if it could be resolved in favor of either party and "material" if it potentially affects the outcome of the case. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir.2004).

To be successful in its attempt, the moving party must demonstrate the absence of a genuine issue as to any outcome-determinative fact in the record, see DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir.1997), through definite and competent evidence. See Maldonado-Denis v. Castillo Rodriguez, 23 F.3d 576, 581 (1st Cir.1994). Once the movant has averred that there is an absence of evidence to support the non-moving party's case, the burden shifts to the non-movant to establish the existence of at least one fact in issue that is both genuine and material. See Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir.1990) (citations omitted). If the non-movant generates uncertainty as to the true state of any material fact, the movant's efforts should be deemed unavailing. See Suarez v. Pueblo Int'l, 229 F.3d 49, 53 (1st Cir.2000). Nonetheless, the mere existence of "some alleged factual dispute between the parties will not affect an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). However, "summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990).

At the summary judgment juncture, the Court must examine the facts in the light most favorable to the non-movant, indulging that party with all possible inferences to be derived from the facts. See Rochester Ford

Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir.2002). The Court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 135 (2000). This is so, because credibility determinations, the weighing of the evidence and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Id.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff filed the Complaint on April 28, 2010. Docket No. 1.
2. On April 30, 2009, the Plaintiff filed her Amended Complaint. Docket No. 4.
3. On July 19, 2010, Plaintiff filed a Notice of Voluntary Dismissal as to defendant Luis Ruiz Sotomayor and his conjugal partnership. Docket No. 16.
4. Accordingly, the Court entered Partial Judgment on August 10, 2010. Docket No. 17.
5. On October 27, 2010 Excellere filed a Third Party Complaint against Universal. Docket No. 22. The Third Party Complaint was amended on December 13, 2010. Docket No. 25.
6. On July 11, 2011, Plaintiff filed a Stipulation of Voluntary Dismissal with Prejudice as to Excellere. Docket No. 39.
7. A Partial Judgment dismissing plaintiff's claims against Excellere was entered on September 1st, 2011. Docket No. 43.
8. On November 8, 2011, Excellere filed the Motion for Summary Judgment that is currently pending adjudication. Docket No. 44.
9. On March 12, 2012 Universal filed a Response in Opposition to the Motion for Summary Judgment. Docket No. 56.
10. On March 19, 2012, Excellere filed a Motion to Strike and/or to Disregard Universal's Opposition. Docket No. 57.
11. On April 24, 2012 the Court granted Excellere's Motion to Strike and the Motion for Summary Judgment was deemed as unopposed. Docket No. 58.
12. On May 24, 2012 Universal filed a Motion for Reconsideration which the Court denied. Docket Nos. 59 and 62.

## III. FACTUAL FINDINGS

### A. Claims against Excellere

1.1 Medina started working for Excellere on November 1st, 2007 as a

Case 3:10-cv-01353-PG   Document 69   Filed 09/30/13   Page 4 of 8
Civil No. 10-1353 (PG)                                                Page 4

   Sales Representative.

1.2 She was diagnosed with breast cancer on August 28, 2008.

1.3 Shortly after her diagnosis, Plaintiff notified Excellere of her diagnosed medical condition.

1.4 On May 14th, 2009, Plaintiff received a letter from Excellere stating that due to a corporate reorganization and to obtain a more efficient service, her position had been temporarily eliminated for eighty (80) days and that after said term, she would be advised as to whether she was being or not reinstated.

1.5 The 80-day term that began on May 14, 2009 expired on August 2, 2009.

1.6 On March 20, 2009, Medina filed charges before the ADU and the EEOC where she claimed that she was being discriminated on account of a disability and requested reasonable accommodation.

1.7 Upon the expiration of the 80 days, that is, on August 2, 2009, Ms. Medina was informed that she would not be reinstated in her position.

**B. The Insurance Policy**

2.1 On August 10, 2007, Universal issued Commercial Insurance Policy No. UBP-850066181 ("the Policy"), for the benefit of Excellere.

2.2 The Policy ran from August 1, 2007 to August 1, 2010.

2.3 Pursuant to Schedule A of the Policy, Employment Related practices were excluded.

2.4 Through Endorsement #3 of the Policy, Universal indicated that Employment Practice Liability Coverage was understood to be included under the Policy, effective August 1, 2009 and until August 1, 2010.

2.5 The Employment Practices Liability Insurance of the Policy provided coverage to Excellere up to $100,000.00 per claim with a $5,000.00 deductible for each claim.

2.6 Pursuant to Section I(1)(a) of the Employment Practices Liability Insurance, Universal agreed to "pay on behalf of the insured, for 'damages' in excess of the Deductible arising out

       of any 'employment practices'" to which the insurance applied.

  2.7 Section VII of the Employment Practices Liability Insurance defined "Damages" as "the monetary amounts to which the insurance applies and which the insured is legally obligated to pay as judgments or awards, or as settlements" to which Universal and the Insured have agreed in writing.

  2.8 The Policy included as part of its coverage those acts of the Insured related to harassment, discrimination or coercion as a consequence of a physical or mental impairment of its employees.

**C. Claims Against Universal**

  3.0 In a letter dated June 9, 2010, Universal denied Excellere's request for coverage and defense for the claim.

### IV.  DISCUSSION

The matter at hand is whether there are issues of material fact pertaining Universal's duty to defend the action filed against Excellere insofar as the claim for retaliation falls within the relevant Policy period and is covered by the Policy.

It is undisputed that, on August 10, 2007 Universal issued the Policy in favor of Excellere, which had a coverage period from August 1, 2007 until August 1, 2010. Id. Through Endorsement No. 3, Universal incorporated coverage for liability incurred by Excellere arising out of any "Employment Practice," as defined in the Policy, with a retroactive date of August 1, 2009. The Policy provided that Universal agreed to pay on behalf of Excellere those damages in excess of the $5,000.00 deductible. The definition of "Employment Practices" includes the "wrongful termination of employment, <u>including retaliatory or constructive discharge</u>" and "harassment, coercion, discrimination or humiliation as a consequence of physical and/or mental impairments." <u>See</u> Docket No. 45-4 at page 14. (Emphasis added).

In the Complaint, Plaintiff adduces that Excellere failed to provide her with reasonable accommodation, subjected her to hostile work environment on account of her breast cancer diagnosis and retaliated against her for filing a claim before the ADU and the EEOC. Hence, the Court finds that the claim for retaliation was covered by the content of the Policy.

The analysis now turns to whether the claim for retaliation fell within the relevant time period. Excellere points out that the claim falls between the period covered by the Policy because the discreet act of retaliation that triggered Plaintiff's allegations took place after August 1, 2009, date in which the Employment Practice Liability Insurance became effective. Markedly, Excellere sustains that the retaliatory act that gave rise to the claims in the Complaint was the failure to reinstate Ms. Medina upon the expiration of the 80-day term set forth in the May 14th, 2009 letter from Excellere.

The retaliation claim is anchored on the fact that on May 14, 2009, Ms. Medina received a letter from Excellere stating that due to a corporate reorganization and to promote a more effective service, her position had been temporarily eliminated for 80 days and that upon the expiration of that term, the company would advise her as to whether she would be reinstated in her job or whether the position would be eliminated permanently.

Shortly thereafter, Ms. Medina filed charges with the ADU and the EEOC. Upon the expiration of the 80 day-term, which ended on August 2, 2009, Ms. Medina was informed that she would not be reinstated in her job. In supporting her claim of retaliation, Ms. Medina states that the failure to reinstate her was retaliatory for having filed the charges and for availing herself to the benefits of the disabilities laws. Hence, according to the Complaint, the retaliatory termination occurred when Excellere failed to rehire Plaintiff once the expiration of the 80-day term. That is to say, the event that triggered the claim for retaliation occurred on August 2, 2009, one day after the August 1, 2009 retroactive day of commencement of the Employment Practice Liability Insurance. Hence, insofar as the retaliatory act that Plaintiff professes to have suffered as a result of her protected conduct concretized on August 2, 2009, in which date the Employment Practice Liability Insurance was in effect, this court finds that the claim for retaliation falls within the relevant time period of the Policy.

The Puerto Rico Supreme Court has held that an insurance carrier has a duty to defend if there is at least a single allegation under which coverage is not unambiguously excluded. Martínez Pérez v. Universidad Central de Bayamón, Inc., 143 D.P.R. 554, 562, 1997 WL 394355 (1997); see

also, Jewelers Mut. Ins. Co. V. N. Barquet, Inc., 410 F.3d 2 (1st Cir. 2005). Moreover, the duty to defend is even broader than the duty to indemnify as long as the occurrence is covered by the insurance policy. See PFZ Props., Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 898 (1994)(citing Pagán Caraballo v. Silva Ortiz, 122 D.P.R. 105, 111-113 and Vega v. Pepsi-Cola Bot. Co., 118 D.P.R. 661, 668 (1987)). Any doubt about the insurer's duty to defend a specific case must be resolved in favor of the insured. Id. In fact, this obligation "subsists even if the suit is groundless, false of fraudulent." *PFZ Props.*, 136 D.P.R. at 895 (citing *Pagán*, 122 D.P.R. at 111-113; *Vega*, 118 D.P.R. at 665 and Fernández v. Royal Indemnity, 87 D.P.R 859, 863 (1963)).

In the instant case, Excellere was served with process on May 20, 2010 and immediately requested coverage and defense to Universal, who denied the requests by way of a letter dated June 9, 2010. See, Docket no. 45, Exhibit 6. Furthermore, as previously indicated, this Court finds that there is no factual controversy regarding the coverage of the Employment Practices Liability Insurance for the retaliatory action under which plaintiff seeks remedy. Given the facts of this case, we find that Universal had a duty to defend Excellere against the lawsuit brought by plaintiff Medina.

Under Puerto Rico law, an insured who was entitled to receive defense from its insurance should be awarded costs and attorney's fees if the insurer breached its contractual duty to provide counsel. See *PFZ Props.*, 136 D.P.R. at 897. In addition, in most cases, "the insured will have the right to recover the amount paid to the third party to whom the damage was caused (of course, within the coverage limits of the policy)." See Id. (citing Robert E. Keeton and Alan I. Widiss, Insurance Law 989, 1045 (1988)).

Thus, the Court holds that Excellere is entitled to recover from Universal the amount paid to plaintiff Medina, within the coverage limits of the Policy, as well as costs and attorney's fees.

## V. CONCLUSION

Pursuant to the foregoing, the Court grants defendant Excellere Consulting Associates Inc.'s Motion for Summary Judgment and orders Universal to reimburse Excellere for the amounts paid to Plaintiff in the

instant case, within the coverage limits of the Insurance Policy, in addition to costs and attorney's fees spent by Excellere in the defense of the claims.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 30, 2013.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**